UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-22327-CIV-GAYLES/TURNOFF

PEDRO LANTIGUA GOMEZ, AMAURY GONZALEZ, LIENG UN REY, CARLOS ZELAYA, JOSE E. MORA YERA, PEDRO PABLO GALINDO GUTIEREZ, ISMAEL RODRIGUEZ DIAZ, FERNANDO AGUILA, JOSE ALBERTO RAUDALES, OSMAR RODRIGUEZ, JOSE LUIS CABALLERO, YANARIS PENA, ENRIQUE MEDEL, *and all others similarly situated under 29 U.S.C. § 216(b)*,

        Plaintiffs,

vs.

AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC d/b/a EULEN AMERICA, EULEN AMERICA, INC.,

        Defendants.
_____

**FIRST AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216**
**OVERTIME VIOLATIONS**

COME NOW Plaintiffs PEDRO LANTIGUA GOMEZ, AMAURY GONZALEZ, LIENG UN REY, CARLOS ZELAYA, JOSE E. MORA YERA, PEDRO PABLO GALINDO GUTIEREZ, ISMAEL RODRIGUEZ DIAZ, FERNANDO AGUILA, JOSE ALBERTO RAUDALES, OSMAR RODRIGUEZ, JOSE LUIS CABALLERO, YANARIS PENA, ENRIQUE MEDEL, and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, and file this Complaint against Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC d/b/a EULEN AMERICA, and EULEN AMERICA, INC., and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC d/b/a EULEN AMERICA is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective periods of employment ("the relevant time period").

4. The Defendant EULEN AMERICA, INC. is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective periods of employment ("the relevant time period").

5. Defendants AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC d/b/a EULEN AMERICA and EULEN AMERICA, INC. are a joint enterprise as defined by 29 U.S.C. § 203(r), because the related activities between the two Companies, performed through unified operation and/or common control, are done for a common business purpose, as the two companies shared employees, clients, equipment, and finances.

6. Upon information and belief, Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC d/b/a EULEN AMERICA and EULEN AMERICA, INC. were Plaintiffs' joint employer during Plaintiffs' employment with the Defendant Companies, because the work performed by Plaintiffs simultaneously benefited all Defendant Companies, who were responsible for controlling Plaintiffs' hours, determining Plaintiffs' pay, and which were operated by the same Company, general manager, and/or officers for a common business purpose.

7. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective

action under 29 U.S.C. § 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207(a)(1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

11. Plaintiff PEDRO LANTIGUA GOMEZ worked for Defendants as a cabin service crew chief from on or about October 27, 2012 through on or about June 16, 2014.

12. Plaintiff AMAURY GONZALEZ worked for Defendants as a cabin service agent and driver from on or about January 29, 2013 through on or about September 2, 2014.

13. Plaintiff LIENG UN REY worked for Defendants as a cabin service agent from on or about November 1, 2012 through on or about September 4, 2014.

14. Plaintiff CARLOS ZELAYA worked for Defendants as a cabin service agent and driver from on or about October 18, 2012 through on or about September 4, 2014.

15. Plaintiff JOSE E. MORA YERA worked for Defendants as a cabin service agent from on or about January 19, 2009 through on or about September 3, 2014.

16. Plaintiff PEDRO PABLO GALINDO GUTIEREZ worked for Defendants as a cabin service agent from on or about October 17, 2012 through on or about June 16, 2014.

17. Plaintiff ISMAEL RODRIGUEZ DIAZ worked for Defendants as a cabin service agent from on or about October 22, 2012 through on or about September 2, 2014.

18. Plaintiff FERNANDO AGUILA worked for Defendants as a cabin service crew chief from on or about February 13, 2009 to September 3, 2014.

19. Plaintiff JOSE ALBERTO RAUDALES worked for Defendants as a cabin service agent from on or about November 9, 2012 through on or about September 2, 2014.

20. Plaintiff OSMAR RODRIGUEZ worked for Defendants as a cabin service agent from on or about December 11, 2012 through on or about September 2, 2014.

21. Plaintiff JOSE LUIS CABALLERO worked for Defendants as a bus shuttle driver from on or about December 10, 2012 through on or about August 25, 2014.

22. Plaintiff YANARIS PENA worked for Defendants as a cabin service agent from on or about October 18, 2012 through on or about September 4, 2014.

23. Plaintiff ENRIQUE MEDEL worked for Defendants as a cabin service agent from on or about October 17, 2012 through on or about June 22, 2015.

24. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

25. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used

instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

26. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually for the years 2011 through 2014.

27. Upon information and belief, the Defendant Corporations' gross sales or business done is expected to exceed $500,000 for the year 2015.

28. During each of Plaintiffs' entire periods of employment as specified above, with the exception of ENRIQUE MEDEL, Plaintiffs were paid approximately an average of $14.00 per hour, and worked an average of three (3) to four (4) hours of overtime per week, predominantly comprised of unpaid overtime arising from uncompensated deducted meal periods and also time worked before their scheduled shifts started, and were not paid anything at all for those hours as required by the Fair Labor Standards Act.

29. From on or about October 17, 2012 until on or about September 1, 2014, during Plaintiff ENRIQUE MEDEL's employment with Defendants, Plaintiff ENRIQUE MEDEL was paid approximately an average of $14.00 per hour, and worked an average of three (3) to four (4) hours of overtime per week, predominantly comprised of unpaid overtime arising from uncompensated deducted meal periods and also time worked before their scheduled shifts started, and were not paid anything at all for those hours as required by the Fair Labor Standards Act.

30. Additionally, in or around October 2012 through in or around February 2013, during the relevant periods of employment for each Plaintiff as specified above, Plaintiffs worked an average of 5 hours of overtime in addition to the overtime mentioned in paragraph 20, and were properly paid for an average of two (2) of those overtime hours, but were never paid

anything at all for approximate three (3) extra hours of overtime as required by the Fair Labor Standards Act for this time period.

31. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

WHEREFORE, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        Email: ZABOGADO@AOL.COM

        By:__/s/ J.H. Zidell_____
           J.H. Zidell, Esq.
           Florida Bar Number: 0010121