UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:15-cv-22327-DPG

PEDRO LANTIGUA GOMEZ, AMAURY
GONZALEZ, LIENG UN REY, CARLOS
ZELAYA, JOSE E. MORA YERA, PEDRO
PABLO GALINDO GUTIEREZ, ISMAEL
RODRIGUEZ DIAZ, FERNANDO AGUILA,
JOSE ALBERTO RAUDALES, OSMAR
RODRIGUEZ, JOSE LUIS CABALLERO,
YANARIS PENA, ENRIQUE MEDEL, and all
others similarly situated under 29 U.S.C. § 216(b),

Plaintiffs,

vs.

AMERICAN SALES AND MANAGEMENT
ORGANIZATION, LLC, d/b/a EULEN AMERICA,
EULEN AMERICA, INC.,

       Defendants.
_____/

## PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL

Plaintiffs, PEDRO PABLO GALINDO GUTIEREZ, ISMAEL RODRIGUEZ DIAZ, AMAURY GONZALEZ, YANARIS PENA, LIENG UN REY, OSMAR RODRIGUEZ, JOSE E. MORA YERA, CARLOS ZELAYA, PEDRO LANTIGUA GOMEZ, JOSE LUIS CABALLERO, FERNANDO AGUILA, JOSE ALBERTO RAUDALES, and ENRIQUE MEDEL, (collectively referred to as "Plaintiffs"), and Defendants, AMERICAN SALES AND MANAGEMENT ORGANIZATION, LLC d/b/a EULEN AMERICA, EULEN AMERICA INC., (collectively referred to as "Defendants"), hereby move for an Order approving the parties' settlement. In support of their Motion, the parties state as follows:

Case No. 1:15-cv-22327-DPG

1. Plaintiffs filed this action for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") in June 2015.

2. Plaintiffs alleged that during their employment, Defendants violated the FLSA by: (a) automatically deducting a thirty (30) minute lunch break from the hours they worked, although they frequently worked through lunch; and (b) only compensating them for the hours they were scheduled to work, although they frequently performed work before their shifts.

3. Defendants denied all liability to Plaintiffs, and contended that Plaintiffs were properly compensated for all hours that they worked, which they recorded themselves on daily time logs. Specifically, Defendants asserted that Plaintiffs filled out and signed daily logs, wherein they listed the times that they started and stopped working each day, and noted if they did not take a lunch break. Defendants contended that if Plaintiffs worked through their lunch breaks, they were credited and paid for the half hour that was initially deducted, and Plaintiffs were paid for all hours recorded on their logs. Therefore, it is Defendants' position that Plaintiffs were not entitled to any overtime compensation.

4. Notwithstanding the disputed issues in this matter, the parties were able to resolve Plaintiffs' claims.

5. Pursuant to the parties' settlement agreement, each Plaintiff will be compensated in the amount of Two Thousand Seven Hundred Thirty and 76/100 Dollars ($2,730.76) in alleged unpaid overtime wages and liquidated damages.

6. Despite the disputed issues, each Plaintiff is receiving very close to the full extent of damages they could reasonably claim, in addition to an equal amount as liquidated damages. This represents very close to the full extent of the damages Plaintiffs could recover at trial if this case proceeded that far and they prevailed.

7.  As a part of the settlement, J.H. ZIDELL, P.A., ("Zidell") is receiving Twenty-four Thousand Five Hundred and 00/100 Dollars ($24,500.00) in attorney's fees and costs for representing these 13 Plaintiffs.

8.  Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

9.  The sums being paid to Plaintiffs under the settlement agreement compensate them nearly in full for the additional hours they contend they worked. Had the parties not resolved Plaintiffs' claims, it would have resulted in additional litigation until the case went to trial. This additional litigation would mean additional expenses for the parties, which could be more than double the amount for which the parties' have resolved this case. Each party was at risk for not prevailing at trial. Therefore, it was in the best interest of all parties to resolve the claims as outlined in the settlement agreement. Further, Plaintiffs are receiving nearly all of the compensation they could have received had this case proceeded to trial and they prevailed, without attending a trial. Therefore, the settlement is fair and reasonable.

10. The attorneys' fees being paid by Defendants under the parties' settlement are in full satisfaction of all attorneys' fees allegedly owed to Zidell, and Plaintiffs have no further obligation to Zidell for any additional attorneys' fees.

11. Plaintiffs have no obligation for attorneys' fees to their prior counsel in this matter, Shavitz Law Group P.A., ("Shavitz") and Jaffe Glenn Law Group, P.A., ("Jaffe"). In this regard, On September 14, 2015, and February 3, 2016, Shavitz and Jaffe filed Notices of Claim of Attorney's Charging Lien, Money Judgment, and Retaining Lien, against eight (8) Plaintiffs in this action, namely, Ismael Rodriguez Diaz, Fernando Aguila, Jose Raudaules, Osmar Rodriguez, Jose Caballero, Yanaris Pena, Pedro Galindo, and Enrique Medel, alleging unpaid attorney's fees and costs as compensation for professional legal services *See* D.E. 15-21. However, on February 18, 2016, Shavitz and Jaffe withdrew the liens against the aforementioned eight (8) Plaintiffs. *See* D.E. 40.

12. The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration by both Plaintiffs and Defendants. To this end, both Plaintiffs and Defendants have been represented by competent counsel experienced in the litigation of FLSA claims.

13. Based upon the facts and circumstances of this case, the parties jointly advise the Court that the amounts Defendants have agreed to pay under the terms of the parties' Settlement Agreements are fair and reasonable.

14. Based on the foregoing, the parties respectfully submit that the parties' Settlement should be approved by the Court consistent with precedent, including Lynn's Food, 679 F.2d at 1353.

Case No. 1:15-cv-22327-DPG

WHEREFORE, the parties pray that the Court will enter an Order approving the parties' settlement, and granting any other relief the Court deems just.

Respectfully submitted this 9th day of March, 2016.

| J.H. ZIDELL, P.A. | COLE, SCOTT & KISSANE, P.A. |
|---|---|
| Attorney for Plaintiff | Attorneys for Defendants |
| 300 71st Street, Suite 605 | 222 Lakeview Ave., Ste. 120 |
| Miami Beach, Florida 33141 | West Palm Beach, FL 33401 |
| By: */s/* J.H. Zidell | By: */s/*Jonathan Vine |
|     J.H. ZIDELL |     JONATHAN VINE |
|     FBN: 10121 |     FBN: 010966 |
|     Email: zabogado@aol.com |     Email: jonathan.vine@csklegal.com |